# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1501V
(not to be published)

| | |
|---|---|
| CARRIE A. NEWCOMER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 25, 2021<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Robert S Meitus, Meitus Gelbert Rose LLP, Bloomington, IN, for Petitioner.*

*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 28, 2018, Carrie Newcomer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left Shoulder Injury Related to Vaccine Administration as a result of an influenza vaccine received on October 4, 2016. (Petition at 1, 6). On November 21, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation.  (ECF No. 53).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated February 24, 2021 (ECF No. 57), requesting a total award of $26,583.59 (representing $25,709.00 in fees and $874.59 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. (*Id.* at 1). Respondent reacted to the motion on March 10, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 59). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests I endorse the following hourly rates for attorney Robert Meitus: $350 per hour for time billed in 2017; $365 per hour for time billed in 2019; and $375 per hour for time billed in 2020.[3] (ECF No. 57-1 at 1-5). Mr. Meitus has been a licensed attorney since 2001, placing him in the range of attorneys with 11-19 years' experience for his time billed on this case.[4] Although this Mr. Meitus's first case in the Vaccine Program, I find his requested rates to be reasonable and I award them herein.

Additionally, Petitioner requests the following rates for former attorney Lindsey Szyczak as follows: $195 per hour for time billed in 2017; $250 per hour for time billed in 2018; and $270 per hour for time billed in 2019. (ECF No. 57-1 at 1-5). Ms. Szyczak has been a licensed attorney since 2014 and has billed the majority of time in this case. (*Id.* at 1-3). Based on the year she became a licensed attorney, Ms. Szyczak would fall under the range of attorneys with 4 – 7 years' experience based on the OSM Attorney's Forum Rate Schedule.[5]

Ms. Szyczak's requested rate of $195 per hour for time billed in 2017 is reasonable and is awarded herein. However, her requested rates for 2018 and 2019 are excessive for what an attorney with comparable overall legal experience (including those with a lack of vaccine petition-specific experience) would receive in the Vaccine Program.[6] Accordingly, I find it reasonable to reduce the requested hourly rates to the following: $238 per hour for time billed in 2018, and $250 per hour for time billed in 2019. This reduces the fees to be awarded by **$654.80**.[7]

---

[3] Billing records do not reflect time billed by Mr. Meitus for the year 2018.

[4] Information about counsel's professional experience was obtained at the following cite: https://www.avvo.com/attorneys/46204-in-robert-meitus-4415777.html

[5] The OSM Attorneys' Forum Hourly Rate Schedules are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[6] *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating that the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

[7] This amount consists of ($250 - $238 = $12 x 37.4 hrs = $448.80) + ($270 - $250 = $20 x 10.3 hrs = $206) = $654.80.

### B.  Paralegal Tasks at Attorney Rates

The filed attorney invoices reveal multiple instances in which tasks that are considered paralegal in nature were billed at attorney rates. Attorneys may be compensated for paralegal-level work, but <u>only</u> at a rate that is comparable to what would be paid for a paralegal.  *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Examples of such instances include:

- July 27, 2018 (1.5 hrs) "Organize and prepare exhibits";

- August 17, 2018 (1.0 hrs) "Bates number exhibits and update Complaint references to appropriate exhibit page numbering";

- October 4, 2018 (0.30 hrs) "File statement of completion";

- November 26, 2018 (0.50 hrs) "Follow up regarding outstanding medical records with providers"; and

- March 16, 2020 (0.30 hrs) "Review and prepare medical records requests; emails w/client re same.

(ECF No. 57-1 at 1-5).[8]

This further reduces the fees to be awarded by **$891.90**.[9]

### C.  Non-Compensable Billing

The present fees request also seeks reimbursement for certain tasks that the Vaccine Program does not compensate for, including time spent engaged in professional

---

[8] These are merely examples and not an exhaustive list.

[9] This amount consists of the already reduced rates as follows; ($238 - $125 = $13 x 14.8 = $192.40) + ($250 - $125 = $125 x 1.2 hrs = $150) + ($375 - $125 = $250 x .30 hrs = $75) +  ($365 x 1.3 hrs = 474.50) = $891.90.

development relative to both Mr. Meitus and Ms. Szyczak's inexperience with the Vaccine Program. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

Examples of these inappropriately billed tasks include the following:

- June 29, 2018 (0.90 hrs) "Review requirements for admission and contact attorneys requesting signed statement in support of admission";

- August 13, 2018 (0.40 hrs) "Obtain PACER and CM/ECF login";

- May 23, 2019 (1.10 hrs) "Admin for med mal case"; and

- November 22, 2019 (0.50 hrs) "Prepare application for R Meitus admission to Federal Circuit."

(ECF No. 57-1 at 1-4).[10]

This time will not be awarded, reducing the fees award by an additional **$847.40**.[11]

## ATTORNEY COSTS

Petitioner requests $874.59 in overall costs. (ECF No. 57-1 at 5). This amount is comprised of the cost for bar admission to the Court of Federal Claims, the Court's filing fee, and medical records. I find the majority of these reasonable, with the exception of the $281.00 charge associated with "Admission to Practice in Federal Claims Court," as such costs are not reimbursable in the Vaccine Program. The costs to be awarded are thus reduced by **$281.00**.

---

[10] These are merely examples and not and exhaustive list.

[11] This amount consists of ($365 x 0.50 hrs = $182.50) + ($238 x 1.3 hrs = $309.40) + ($230 x 0.10 hrs = $23) + ($195 x 1 hrs = $195) + ($125 x 1.1 hrs = $137.50) = $847.40.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. I award a total of **$23,908.49** (representing $23,314.90 in fees and $593.59 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[12]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[12] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.